UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VASQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MERCED COUNTY S.E.R.T. TEAM, et al.,<br><br>    Defendants.<br>_____ / | CASE No. 1:13-cv-00160-MJS   (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**FIRST SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Edward Vasquez, a state prisoner proceeding pro se, filed this civil rights action on February 1, 2013 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff's Complaint is now before the Court for screening.

///////

-1-

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF COMPLAINT

Plaintiff was incarcerated at the County of Merced Correctional Facility, John LaTorraca Correctional Center ("JLCC"), apparently as a pre-trial detainee.

He was entering his dorm on September 28, 2012, following a search of the dorm by the S.E.R.T. Team, when an inmate shattered a 90 sq. ft. window with a broom handle. The S.E.R.T. Team re-entered the dorm shooting 12 gauge block guns and

paint ball guns and throwing percussion grenades. Plaintiff went down on the ground. He was struck on the head and arm by grenades. He convulsed, fell unconscious and stopped breathing for a time. He was transported to the Modesto Trauma Center where he received eight staples in his head. He has continued to suffer hearing complications, headaches and dizziness as a result of the trauma.

Plaintiff names as Defendants (1) the Merced County S.E.R.T. Team, (2) the Merced County JLCC, (3) Correctional Officer Vagerra, (4) Correctional Officer Rios, (5) Classification Correctional Officer Lacey, (6) Sgt. Salacup, (7) Correctional Officer Armenta, (8) Correctional Officer Aretga, (9) Correctional Officer Williams, (10) Correctional Officer Tilly, (11) Correctional Officer Hendon, (12) Correctional Officer Penia, (13) Correctional Officers Abriams, (14) Correctional Officer Lyconfilter, (15) Sgt. Lopez, (16) Correctional Officer Carillo.

Plaintiff seeks as relief that "[JLCC] Correctional Officers/S.E.R.T. Team take in consideration that inmates at JLCC are pre-detainee awaiting court and should not be targeted as they are, leave this open for unlimited civil claim." (Compl. at § V.)

IV.   **ANALYSIS**

    A.   **Pleading Requirements Generally**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

**B.      Unnamed Defendants**

Plaintiff makes allegations against unnamed officers, but fails to name any Doe Defendants.

Plaintiff may not bring suit against unnamed defendants. Fed. R. Civ. P. 8(a).

"[A]s a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, "[i]t is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to a plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010). The burden is on the plaintiff to promptly discover the full names of Doe defendants. Robinett, 2010 WL 2867696 at *4.

-4-

In any amended pleading, Plaintiff must identify the individual(s) against whom he seeks relief, or name Doe defendant(s) pending discovery of the individual name(s), and allege facts sufficient to support a finding that each named Defendant personally violated, or knowingly directed a violation of, or knew of and failed to act to prevent a violation of, or was deliberately indifferent to an excessive risk of violation of, his constitutional rights.

### C. Personal Participation

To state a claim under Section 1983, Plaintiff must demonstrate that each individually named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49. Defendants can not be held liable under Section 1983 solely because of their supervisory capacity.

Plaintiff names a number of Defendants, but fails to link any to the alleged incident. In any amended pleading, Plaintiff must allege facts sufficient to support a finding that each Defendant personally violated, or knowingly directed a violation of, or knew of and failed to act to prevent a violation of, or was deliberately indifferent to an excessive risk of violation of, his constitutional rights.

### D. Monell Liability

Plaintiff names Merced County's JLCC as a defendant in this action. Plaintiff

should be aware that he must meet the requirements set forth below before he can allege any specific constitutional claims against such a defendant.

A municipality is considered a "person" under Section 1983 and may be liable for causing a constitutional deprivation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1992); Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006). A municipality may not be sued under Section 1983 solely because an injury was inflicted by its employees or agents, however. Monell, 436 U.S. at 694. It is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible. Id. "A policy is a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Long, 442 F.3d at 1185.

To state a claim for municipal liability for the failure to protect an individual's constitutional rights, the plaintiff must establish facts indicating the following: (1) the plaintiff possessed a constitutional right, of which he was deprived, (2) the municipality had a policy, (3) the municipal policy amounts to deliberate indifference to the plaintiff's constitutional right, and (4) the municipal policy is a moving force behind the constitutional violation. Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

E.   **Exhaustion of Administrative Remedies**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the

prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008), quoting Woodford v. Ngo, 548 U.S. 81 (2006).

If Plaintiff chooses to amend, he should allege facts showing he exhausted each level of appeal as to all named Defendants or that he was excepted from such exhaustion requirements.[1]

### F. Excessive Force

Plaintiff does not identify the claim(s) he wishes to assert. It is assumed he wants to claim Defendants used excessive force in the alleged incident.

It remains unclear from the pleadings whether Plaintiff had been convicted of a crime at the time of the alleged violation.[2] Claims for excessive force, when brought by a detainee who has been neither charged nor convicted of a crime, are analyzed under the Fourteenth Amendment reasonableness standard. Gibson v. County of Washoe, 290 F.3d 1175, 1185–86 (9th Cir. 2002); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Claims for excessive force, when brought by a prisoner who has been charged and convicted, are analyzed under the Eighth Amendment cruel and unusual punishments standard. Wilkins v. Gaddy, ––– U.S. ––––, ––––, 130 S.Ct. 1175, 1178

---

[1] See e.g., Sapp v. Kimbrell, 623 F.3d 813, 826 (9th Cir. 2010) (an exception to exhaustion has been recognized where a prison official renders administrative remedies effectively unavailable).

[2] Civil detainees "are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. 307, 322 (1982).

-7-

(2010).

The analysis of an excessive force claim brought pursuant to Section 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham, 490 U.S. at 394.

The Due Process Clause of the Fourteenth Amendment protects detainees from the use of excessive force. Redman v. County of San Diego, 942 F.2d 1435, 1440 (9th Cir. 1991), quoting Graham, 490 U.S. at 395 n.10. In resolving a substantive due process claim, courts must balance "several factors focusing on the reasonableness of the officers' actions given the circumstances." White v. Roper, 901 F.2d 1501, 1507 (9th Cir.1990), quoting Smith v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir. 1987), overruled on other grounds. In the White case, the Ninth Circuit articulated four factors that courts should consider in resolving a due process claim alleging excessive force. The factors are (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. White 901 F.2d at 1507.

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins, 130 S.Ct. at 1178; Hudson v. McMillian, 503 U.S. 1, 8–9 (1992); see also Bell v. Wolfish, 441 U.S. 520, 535 (1979). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is

evident. Hudson, 503 U.S. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9–10.

Whether force used by prison officials was excessive for purposes of the Eighth Amendment is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6–7. A court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. Whitley v. Albers, 475 U.S. 312, 321 (1976). The absence of significant injury alone is not dispositive of a claim of excessive force. Wilkens, 130 S.Ct. at 1176–77; see Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir. 1991) (unprovoked and unjustified attack on prisoner violates constitution regardless of degree of injury).

Here Plaintiff fails to allege facts sufficient for the Court to analyze his excessive force claim under the above standards. He does not allege the facts surrounding the alleged application of force, the reasons given for it, why Plaintiff believes the reasons were other than those given, the number of inmates present, the reaction of inmates to the shattered window, the duration of force applied, and the reaction of the inmates to

the application of force. See Ali v. Kasprenski, 732 F.Supp.2d 439, 447, (D. Del. 2010) (finding de minimis force where no injury caused); see also Manier v. Cook, 394 F.Supp.2d 1282, 1288 (E.D. Wash. 2005), citing Whitley, 475 U.S. at 322 ("[A]n allegation of cruel and unusual punishment should proceed to trial only if the evidence supports a reliable inference that prison official intended to inflict pain.")

In any amended pleading, Plaintiff must allege all the above elements as to each named Defendant.

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under Section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.' " Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934. Any amended pleading must include a demand for legal or equitable relief. Fed. R. Civ. P. 8(a).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed February 1, 2013;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and

////////
////////
////////
////////
////////

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:     February 14, 2013             /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE